**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

WILLIAM A. GATES, JR.,

    Plaintiff,

v.                                          Case No: 2:13-cv-445-FtM-38UAM

LEE COUNTY SHERIFFS
DEPARTMENT, NBC 2 NEWS,
FORT MYERS NEWS-PRESS,
ROBERT SMITH, BRIAN
GRABECKI, BRIAN WILBUR, GIAN
FRANSICO, PAUL HARVEY, ERICA
CUNNINGHAM, PATRICIA
ENTEXLINE and DENES HUSTY,

    Defendants.
_____/

## ORDER

This matter comes before the Court on the Court's Review of the Plaintiff, William A. Gates, Jr.'s Complaint (Doc. #1) filed on June 12, 2013. On November 12, 2012, the Plaintiff filed a lawsuit against the Lee County Sheriff's Office (LCSO) in the Circuit Court in the Twentieth Judicial Circuit in and for Lee County, Florida alleging that deputies of the LCSO violated his human and constitutional rights by arresting him without proper investigation on June 17, 2009, June 19, 2009, December 6, 2010, and January 15, 2011. On June 12, 2013, the Plaintiff filed a Complaint with this Court stating that he is bringing a Complaint against the Defendants pursuant to 28 U.S.C. § 1983.

In his Complaint, the Plaintiff states that he is bringing the case against the Defendants pursuant to § 1983 and then attaches a copy of his initial Complaint he filed

in State Court stating "this claim arises from the attached claim a tort claim which is proceeding in civil court of the same district." The Plaintiff continues "these claims directly violates [sic] both Plaintiffs human and constitutional rights which envokes [sic] Federal Action."

In this instance, the Plaintiff's Complaint consists of four (4) counts that appear to allege that he was falsely arrest by deputies of the LCSO, but he does not state which deputy arrested him in each separate count. He further provides no factual background other than to state the deputies did not investigate the charges against him before arresting him. Plaintiff also claims he was defamed by reporters from NBC-2, because his arrest was broadcast on NBC-2 news. However, the Plaintiff does not provide the Constitutional Amendment that was violated or right that he was denied nor claim the federal statute the deputies and reporters violated.

The Plaintiff's Complaint does not follow the Federal and Local Rules of Civil Procedure and is due to be dismissed without prejudice with leave to file an Amended Complaint. The Plaintiff is cautioned that his Amended Complaint must follow the format in the Federal and Local Rules before being considered by the Court.

Federal Rules 8 and 10 give the instructions on how to file a proper complaint. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561- 563, S. Ct. 127 S. Ct. 1955, 167 L. Ed 2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). To meet this standard, the plaintiff must

allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Twombly</u>, 128 S.Ct. at 1965 (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).  Rule 10 requires that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity,  each claim founded upon on a separate transaction or occurrence– and each defense other than a denial– must be stated in and separate count or defense.

Fed. R. Civ. P. 10(b).

The Plaintiff's conclusory statements, even if contained within a valid Complaint, are insufficient to state a claim under Rule 8.  The Plaintiff is cautioned that he must comply with the requirements of Rule 8 or have his case dismissed.  In future filings, the Plaintiff must name as Defendants only those persons or entities responsible for violating a federal statute or for alleged constitutional violations.  If the Plaintiff intends to proceed against the named Defendants he must state what rights under the Constitution, laws, or treaties of the United States have been violated, allege which acts were committed by each Defendant in violation of same, and state how each act entitles him to relief.  It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes and claim the deputies or reporters in Lee County violated those rights.  The Plaintiff must provide support in a statement of facts for the claimed violations and then state in separate numbered counts how each Defendant violates those rights or laws.

Further the Plaintiff has failed to file an affidavit of indigency and a copy of his prisoner trust account.  The Plaintiff did provide the Court with notice that he filed an affidavit and a copy of his prisoner trust account to the State Court, however, that is not

valid in this Court. The Plaintiff will be required to file the proper financial information with this Court in order to proceed with his claim.

The Plaintiff also sent copies of articles and records from his case in Lee County to each Judge's Chambers in the Fort Myers Division. While it appears Plaintiff is attempting to comply with the Court's Standing Order (Doc. # 3) for All Confined *Pro Se* Litigants, it is not necessary for the Plaintiff to send all of the Judges courtesy copies of everything he files with this Court. In the future, the Plaintiff may send courtesy copies of motions or filings that exceed twenty-five (25) pages to the District Judge presiding over his case. In addition, the Plaintiff must send copies to the Clerk of the Court for filing in his case. The Plaintiff does not need to file copies of his discovery with the Court.

Accordingly, it is now

**ORDERED:**

1. The Plaintiff, William A. Gates, Jr.'s Complaint (Doc. #1) is **DISMISSED** without prejudice. The Plaintiff has up to and including **August 2, 2013**, to file an Amended Complaint that complies with the Federal and Local Rules of Civil Procedure.

2. The Plaintiff has up to and including **August 2, 2013**, to file a copy of his Affidavit of Indengency and a copy of his prisoner trust account for the last six (6) months or pay his filing fee with the Court.

3. The Clerk of the Court is directed to return the copies of discovery the Plaintiff sent to the Court, to William A. Gates, Jr., # Y49234, Glades Work Camp, 2600 N. Main Street, Belle Glade, Florida 33430-5314.

4. Additionally, the Clerk of the Court is directed to send the Plaintiff a copy of the Court's "Step by Step Guide to filing a Civil Action in the United States Federal Court" at the address listed above.

**DONE** and **ORDERED** in Fort Myers, Florida this 2nd day of July, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record